IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal Action No. 3:08CR213
    Civil Action No. 3:10CV859

RAYMOND T. HOLLOWAY

**MEMORANDUM OPINION**

Raymond T. Holloway, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 41). Holloway asserts relief upon the following grounds:

| | |
|---|---|
| Claim One | "[T]he Sentencing Court erred by imposing double mandatory sentences in violation of the statute's purpose and context confirm the understanding of section 922(g) plain language[.]" (§ 2255 Mot. 5.) |
| Claim Two | "[T]he District Court erred in imposing sentence in violation of 21 U.S.C. [§] 841, concerning the differen[ce] between powder and crack cocaine[.]" (Id.) |
| Claim Three | "[T]he Sentencing Court [was] without jurisdiction to render[ ] any judgment base[d] on the fact that title 21 U.S.C. had [at] no time been published in the federal register[.]" (Id.) |

By Memorandum Order entered on October 3, 2013, the Court directed Holloway to show good cause why the Court should not dismiss all of his claims on the grounds that he could have, but failed to raise them on direct appeal. (ECF No. 58, at 1 (citing United States v. Frady, 456 U.S. 152, 166, 167-68 (1982)). On October 17, 2013, Holloway responded that he can

show cause for his default because his default is attributable to the ineffective assistance of trial and appellate counsel.[1] For the reasons set forth below, the Court rejects Holloway's assertion of cause.

## I. PROCEDURAL HISTORY

A grand jury charged Holloway with: possession with intent to distribute five grams or more of cocaine base (Count One); possession of a firearm in furtherance of a drug trafficking crime (Count Two); and possession of a firearm by a convicted felon (Count Three). (Indictment 1-2, ECF No. 1.) Holloway pled guilty to Counts One and Two. (Plea Agreement 1, ECF No. 23; Minute Entry 1, ECF No. 22.) On October 28, 2008, the Court sentenced Holloway to seventy months on Count One to be followed by sixty months on Count Two. (J. 2, ECF No. 30.) The United States Court of Appeals for the Fourth Circuit affirmed the decision of this Court with respect to denying Holloway's motion to suppress. United States v. Holloway, 367 F. App'x 431, 432-34 (4th Cir. 2010).

---

[1] "In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

2

## II. ANALYSIS

Constitutionally ineffective assistance of counsel may constitute cause sufficient to excuse a convicted defendant's procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citing Murray v. Carrier, 477 U.S. 478, 488-89 (1986)). Thus, to demonstrate cause sufficient to excuse his default, Holloway must demonstrate that his trial or appellate counsel performed in a constitutionally deficient manner by failing to press the claims he urges here. This Holloway fails to do.

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

3

reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

With respect to Claim One, Holloway contends that counsel should have argued that the mandatory minimum sentence of sixty months imposed by the Court with respect to Count Two was inconsistent with Holloway's "understanding of section 922(g)['s] plain language[.]" (§ 2255 Mot. 5.) Holloway, however, was not convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[2] Rather, he was convicted of possession of a firearm in furtherance of drug trafficking offense in violation 18 U.S.C. § 924(c). Such a conviction required that Holloway "be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i). Thus, counsel reasonably eschewed the argument that Holloway urges here.

With respect to Claim Two, Holloway vaguely argues that, "the District Court erred in imposing sentence in violation of

---

[2] Count Three, which charged Holloway with violating 18 U.S.C. § 922(g)(1), was dismissed on the Government's motion.

4

21 U.S.C. [§] 841, concerning the differen[ce] between powder and crack cocaine[.]" (§ 2255 Mot. 5.) In his Reply, Holloway explains that the Indictment failed adequately to identify the substance he distributed was cocaine base because the Indictment failed to identify cocaine base by its molecular structure. (Reply 5-6, ECF No. 50.) That argument is frivolous. See Beaver v. United States, Nos. 11-cv-658-JPG, 08-cr-30158-JPG, 2012 WL 5830406, at *3 (S.D. Ill. Nov. 16, 2012) (citing DePierre v. United States, 131 S. Ct. 2225, 2233 (2011)); Claiborne v. O'Brien, No. 1:12cv38, 2012 WL 4737260, at *1-4 (N.D. W. Va. June 29, 2012) (citations omitted). Hence, Holloway has failed to demonstrate that counsel performed deficiently or that he was prejudiced by counsel's failure to raise the argument Holloway urges here.

In Claim Three, Holloway contends that "the Sentencing Court [was] without jurisdiction to render[ ] any judgment base[d] on the fact that title 21 U.S.C. had [at] no time been published in the federal register[.]" (§ 2255 Mot. 5.) This contention too is baseless. See Scudder v. United States No. 12-3363-CV-S-RED, 2012 WL 5818023, at *3 (W.D. Mo. Nov. 15, 2012) ("Federal Register [publication] requirements do not apply to criminal statutes and, thus, Movant's counsel was not

ineffective when [he] did not set forth this argument." (citing 44 U.S.C. § 1505(a))). Holloway fails to demonstrate counsel acted deficiently by failing to raise Claim Three.

### III. CONCLUSION

Holloway's claims will be dismissed. The § 2255 Motion (ECF No. 41) will be denied. The action will be dismissed. A certificate of appealability will be denied.[3]

The Clerk is directed to send a copy of the Memorandum Opinion to Holloway and counsel for the Government.

It is so ORDERED.

/s/ _R E P_
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 18, 2013

---

[3] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Holloway fails to satisfy this standard.

6